**Affirmed and Opinion Filed October 15, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00657-CR**

**DOMINIC JOSEPH GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 33456CR**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Appellant Dominic Joseph Garcia appeals his conviction and two-year sentence for the offense of possession of a controlled substance, penalty group 1, less than a gram. We affirm.

On April 7, 2021, Garcia pleaded guilty to the offense of possession of a controlled substance, penalty group 1, less than a gram. The trial court placed him on community supervision for a period of five years. On August 11, 2022, the State filed a motion to revoke his community supervision. The State alleged Garcia failed to report to the probation department for two months; failed to report a change of

address, change of employment, and his arrest to his supervision officer within 48 hours; and failed to complete a drug education program within 180 days from the date placed on probation. On October 11, 2022, the State filed an amended motion to revoke community supervision. The State's motion included the three allegations set forth in the August motion but also alleged that Garcia committed a new offense against the laws of the State of Texas, namely, possession of a controlled substance penalty group 1, more than four grams but less than 200 grams—a second-degree felony offense.

The trial court conducted a hearing on the State's motions to revoke on June 6, 2023. The State abandoned the allegation regarding the new offense. Garcia subsequently entered pleas of true to the three remaining allegations.

Garcia's community supervision officer, Mariah May, testified at the hearing. May testified that Garcia stopped reporting shortly after being placed on community supervision and did not complete his drug-treatment program. May stated that she did not believe Garcia was a good candidate for probation.

Garcia also testified during the hearing. Garcia stated that when he was first placed on probation, he did very well and did not engage in any drug use. However, after the State terminated his parental rights to his son, he was "destroyed mentally" and turned back to his "crutch" of methamphetamine.

The trial court judge found the three allegations—set forth in the State's motion to revoke—true and sentenced Garcia to two years jail time.

Garcia's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that in his professional opinion, the record reflects there are "no arguable issues of reversible error." Counsel appears to conflate frivolity with reversibility. The two concepts are certainly not the same. An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), *see also Crowe v. State*, 595 S.W.3d 317 (Tex. App.—Dallas 2020, no pet.). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436; *Crowe*, 595 S.W.3d at 320. Reversal, on the other hand, only occurs if arguable error is found to have occurred and was harmful. TEX. R. APP. P. 44.2. Many non-frivolous arguments identify errors that do not result in reversal. Despite counsel's assertion that there are "no arguable issues of reversible error," counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

Additionally, in compliance with *Kelly v. State*, counsel (1) notified Garcia of his motion to withdraw; (2) provided him a copy of both the motion and brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this Court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436

–3–

S.W.3d 313, 319 (Tex. Crim. App. 2014). This Court afforded Garcia the opportunity to file a response on his own behalf, but he did not do so. In a letter brief, the State declared that it joins in appellate counsel's prayer to affirm the trial court's judgment and sentence.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this Court is obligated to undertake an independent examination of the record to determine if there is any arguable ground that may be raised on appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

230657f.u05

Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOMINIC JOSEPH GARCIA,
Appellant

No. 05-23-00657-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 33456CR.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 15th day of October, 2024.